**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2585
_____

UNITED STATES OF AMERICA

v.

JOHN D. GLENN, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. Action No. 2:15-cr-00099-001)
District Judge: Honorable Joel H. Slomsky

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 5, 2022

Before: AMBRO, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 13, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

John Glenn, Jr., appeals pro se from an order of the United States District Court for the Eastern District of Pennsylvania denying his motions for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). The Government has filed a motion for summary affirmance. For the following reasons, we will grant the motion and summarily affirm the District Court's order.

Glenn is currently serving a term of 168 months of imprisonment following his conviction for bank fraud offenses. See United States v. Glenn, 846 F. App'x 110, 112 (3d Cir. 2021) (not precedential) (affirming denial of motion for a new trial). In March and April 2021, Glenn filed pro se motions for compassionate release pursuant to § 3582(c)(1)(A)(i), based on his fear of exposure to COVID-19 in prison. (ECF 325, 326, 330.) The Government opposed the motions. (ECF 331.) The District Court denied Glenn's motions, holding that, even if Glenn's diabetes presented an extraordinary and compelling reason for release, the factors under 18 U.S.C. § 3553(a) did not support relief. (ECF 339 & 340.) Glenn appealed. (ECF 341.) The Government has filed a motion for summary affirmance, (Doc. 15), which Glenn opposes. (Doc. 16.)

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Andrews, 12 F.4th 255, 259 (3d Cir. 2021). "[W]e will not disturb the District Court's decision unless there is a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached." United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020) (quotation marks and

2

citation omitted). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A district court may grant compassionate release if it finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) the applicable § 3553(a) factors do not counsel against a reduction, and (3) a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); see Pawlowski, 967 F.3d at 329 & n.6. We see no reason to disturb the District Court's conclusion that a balancing of the applicable § 3553(a) factors warranted denying Glenn's motion for compassionate release.

Glenn engaged in fraudulent conduct for decades and committed the underlying offense while on supervised release from a prior fraud conviction. (ECF 339, at 15-16.) Thus, "[g]iven the nature and circumstances of the underlying offenses," the District Court concluded that "there is no assurance that he would abstain from criminal activity if he were released." (Id. at 16.) In addition, the District Court reasonably considered that Glenn had served less than one-half of his 168-month sentence and that the magnitude of his crimes (defrauding mortgage companies of more than $1 million) warranted the sentence he received. See Pawlowski, 967 F.3d at 331 (indicating that the time remaining on the prisoner's sentence is a relevant consideration in determining whether the § 3553(a) factors support a grant of compassionate release). Moreover, the District Court properly rejected Glenn's contention that his incarceration is not necessary to protect the public, noting, in part, his extensive fraud history. (ECF 339, at 16.) Finally, the District Court cited the sentencing court's decision to impose an upward

3

variance based on "very minimal faith that [Glenn] won't commit crimes in the future." (Id. at 17.)  In light of these considerations, we conclude that the District Court did not commit "a clear error of judgment" in denying Glenn's compassionate release motions. See Pawlowski, 967 F.3d at 330.

Based on the foregoing, we agree with the Government that the appeal presents no substantial question.  See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.  Accordingly, we grant the Government's motion and will summarily affirm the District Court's judgment.[1]

---

[1] The Government's request to be relieved of its obligation to file a brief is granted.